```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


MONFORTE EXPLORATION L.L.C.,     §
                                 §
            Plaintiff,           §
                                 §
v.                               §    CIVIL ACTION NO. H-09-3395
                                 §
ANR PIPELINE COMPANY,            §
                                 §
            Defendant.           §
```

**MEMORANDUM OPINION AND ORDER**

Monforte Exploration L.L.C. ("Monforte") brings this action against ANR Pipeline Company ("ANR") alleging breach of contract concerning an agreement to transport natural gas in the Gulf of Mexico. Monforte filed the action on October 19, 2009, in Harris County District Court. On November 21, 2009, ANR removed the action on the basis of federal question jurisdiction (Docket Entry No. 1). Pending before the court is Monforte's Motion to Remand (Docket Entry No. 10). For the reasons explained below, the court will grant Monforte's motion.

### I.  Factual and Procedural Background

This action concerns a dispute over the shipment of gas from Monforte's Ship Shoal Block 291A platform in the Gulf of Mexico through a pipeline previously owned by ANR. Monforte is a natural gas producer with its principal place of business in Houston, Texas. ANR is a natural gas pipeline company that provides storage

and transportation of natural gas.  ANR is a Delaware Corporation with its principal place of business in Houston, Texas.

Monforte alleges that ANR has breached a transportation agreement ("the Interconnect Agreement") signed between ANR and Forest Oil Corporation, Monforte's predecessor in interest, on September 22, 1989.[1]  The Interconnect Agreement provided for the construction and operation of a pipeline linking Forest Oil's production facilities in Ship Shoal Block 277 to ANR's 10-inch pipeline in Ship Shoal Block 276.  Monforte is the current owner of the platforms and connecting pipelines in Block 277, as well as in an adjoining region, Ship Shoal Block 291.[2]  Natural gas produced at Block 291 runs through a pipeline owned by Monforte to Block 277, where, until recently, it was collected and transported by ANR.[3]  Monforte states that "ANR Pipeline Company is responsible under the [Interconnect Agreement] for transporting all natural gas

---

[1]Construction, Operation and Interconnect Agreement for the Ship Shoal 276/277 ("Interconnect Agreement"), Exhibit A to Plaintiff Monforte Exploration L.L.C.'s Original Petition, Application for Temporary Restraining Order, and Request for Disclosure ("Plaintiff's Original Petition"), Exhibit A to Notice of Removal, Docket Entry No. 1.

[2]Affidavit of Benjamin Smith, Exhibit B to Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 5.

[3]Id.  The parties' pleadings appear to offer conflicting statements over who owned the relevant pipeline in Block 291 at the time of the dispute.  The court does not, however, need to determine the ownership of the Block 291 pipeline in order to rule on the present motion.

at Ship Shoal Area Block 277, which includes the natural gas flowing from Ship Shoal Area Block 291."[4]

The parties have provided limited details about the events leading up to this dispute. ANR alleges that on July 8, 2009, it learned that Monforte had begun to improperly convert part of ANR's facilities to its own use.[5] ANR states that it expressed its objections to Benjamin Smith, Monforte's President, who indicated that Monforte would cease the offending actions, but that Monforte failed to do so.[6] ANR alleges that the offending actions included "the unauthorized pressuring of the Facilities and flowing of trespass natural gas though the Facilities into ANR's pipeline."[7] ANR alleges that, "these actions, without consent of ANR, were in direct contravention of ANR's Tariff, violated federal law, and amounted to conversion of ANR's FERC-regulated Facilities."[8]

On September 18, 2009, ANR issued an Operational Flow Order ("OFO") to Monforte notifying it that "in order to ensure pipeline integrity, ANR Pipeline Company is operationally unable to accept any commercial quantities of gas receipts from Ship Shoal Block

---

[4]Affidavit of Benjamin Smith, Exhibit B to Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 6.

[5]ANR Pipeline Company's Opposition to Plaintiff's Motion to Remand ("ANR's Opposition"), Docket Entry No. 13, p. 3.

[6]Id.

[7]Id.

[8]Id.

-3-

290/291."[9] The OFO states that any shipment of gas in violation of the OFO will result in a penalty of twenty-five dollars per dekatherm received. ANR states that the OFO was issued pursuant to its tariff with the Federal Energy Regulatory Commission ("FERC"), the agency that regulates the transportation of natural gas. The tariff states, "Transporter, in its discretion, shall have the right to issue OFOs when in its judgment it is necessary to maintain or restore the operational integrity of Transporter's Pipeline System."[10]

Despite the OFO, Monforte continued to ship gas from Block 291. Monforte argues that ANR's issuance of the OFO was a breach of the Interconnect Agreement.[11] Monforte states that its transportation of gas through the pipeline from Block 291 to Block 277 had been approved by the Minerals Management Service, although it does not explain the legal significance of that fact.[12] ANR has assessed penalties against Monforte for the gas it has shipped from Block 291 since the issuance of the OFO. In its original petition Monforte produced an invoice from ANR charging $239,100 in

---

[9]Operational Flow Order, September 18, 2009, Exhibit B to ANR's Opposition, Docket Entry No. 13.

[10]ANR Pipeline Company – FERC Gas Tariff, General Terms and Conditions, Exhibit C to ANR's Opposition, Docket Entry No. 13, § 8.1.

[11]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 12.

[12]Id., citing letter from Michael J. Saucier to Benjamin Smith, September 8, 2009, Exhibit E to Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1.

penalties for gas shipped from September 18 to October 15, 2009.[13] ANR states that it intends to pursue the penalties, and that at this time the penalties exceed $1 million.[14]

ANR rescinded the OFO on December 1, 2009, when it finalized the sale of its pipelines in Blocks 277 and 291 to W&T Offshore, Inc., an exploration and production company that is not a party to this action.[15]  ANR had requested FERC to deregulate the pipeline facilities in question on August 24, 2009, in order to permit the sale of the facilities.[16]  FERC gave permission for ANR to abandon the pipelines by sale on October 2, 2009.[17]  The parties have provided little clarity about what role, if any, the impending sale of the pipelines may have had in giving rise to this dispute.

Monforte filed suit against ANR on October 19, 2009, in the 157th District Court of Harris County alleging breach of contract and seeking damages and a temporary restraining order enjoining ANR from enforcing the OFO.[18]  On November 21, 2009, ANR removed the

---

[13]ANR Invoice, Exhibit F to Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1.

[14]ANR's Opposition, Docket Entry No. 13, p. 4.

[15]Id., p. 3 note 2.

[16]Abbreviated Application for an Order Permitting and Approving Abandonment by Sale and Request for Non-Jurisdictional Determination, Exhibit F to ANR's Opposition, Docket Entry No. 13.

[17]Order Approving Abandonment, Exhibit G to ANR's Opposition, Docket Entry No. 13.

action on the basis of federal question jurisdiction (Docket Entry No. 1). Pending before the court is Monforte's Motion to Remand (Docket Entry No. 10). Monforte argues that remand was improper because its petition alleges only a state-law claim for breach of contract. ANR argues that this dispute falls under federal question jurisdiction because it primarily concerns the enforceability of an OFO issued pursuant to a FERC tariff.

## II. Applicable Law

### A. Federal Question Jurisdiction

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal court. Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002); see also Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Doubts about the propriety of removal are to be resolved in favor of remand. Manguno, 276 F.3d at 723.

ANR removed this action on the basis of federal question jurisdiction. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Congress allows for removal

of a case from state court to federal court when a plaintiff's complaint alleges a claim "arising under" federal law.  28 U.S.C. § 1441; Beneficial Nat'l Bank v. Anderson, 123 S.Ct. 2058, 2062 (2003).

**B.   The Well-Pleaded Complaint Rule**

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987).  Under the well-pleaded complaint rule, the plaintiff is the master of the claim and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available. Id. Moreover, a case may not be removed to federal court on the basis of a federal defense, "even if both parties concede that the federal defense is the only question truly at issue."  Id. at 2430; see also Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003)(same).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial, 123 S.Ct. 2058, 2062, (2003).

There are exceptions to the well-pleaded complaint rule.  In certain situations Congress has created statutory exceptions.  See

Beneficial, 123 S.Ct. at 2062 (describing the unusual preemption provision in the Price-Anderson Act, which expressly provides for removal of actions brought in state court "even when they assert only state-law claims"). In other contexts the Supreme Court has construed certain federal statutes as "not only preempting state law but also authorizing removal of actions that sought relief only under state law." Id. (determining that §§ 85 and 86 of the National Bank Act provide for complete preemption); see also Metropolitan Life Ins. Co. v. Taylor, 107 S.Ct. 1542 (1987) (finding complete preemption in § 502 of ERISA, 29 U.S.C. § 1132). In those contexts the federal statute "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." Carpenter v. Wichita Falls Ind. School Dist., 44 F.3d 362, 366 (5th Cir. 1995).

A case with only state law claims may arise under federal law where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire HealthChoice Assur., Inc. v. McVeigh, 126 S.Ct. 2121, 2131 (2006), quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal., 103 S.Ct. 2841, 2856 (1983); see also In re Carter, 618 F.2d 1093, 1100 (5th Cir. 1980) ("For a case to 'arise under' . . . federal law, a right or immunity created by [the law] 'must be an element, and an essential one, of the plaintiff's cause of action . . . [That] right or immunity must be such that it will be supported if the Constitution or laws of the

United States are given one construction or effect, and defeated if they receive another.'" (quoting Gully v. First Nat'l Bank in Meridian, 57 S.Ct. 96, 97 (1936))).  For a district court to exercise federal-question removal jurisdiction on this basis, the plaintiff's claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfr., 125 S.Ct. 2363, 2368 (2005).

### III. Analysis

ANR argues that federal question jurisdiction is proper because Monforte's petition "raises substantial questions and issues of federal law that are essential elements of the plaintiff's claims."[19]  Monforte argues that federal question jurisdiction is not proper because the petition alleges only state law causes of action.

**A.  Monforte's Well-Pleaded Complaint**

Under the well-pleaded complaint rule federal question jurisdiction will generally only exist if a federal question is presented on the face of Monforte's petition.  See Caterpillar,

---

[19]Notice of Removal, Docket Entry No. 1, p. 2.

107 S.Ct. at 2429. The relevant passages in Monforte's petition state:

> 11. The Contract [i.e. the Interconnect Agreement] obligated ANR to provide services including the transportation of natural gas produced by Plaintiff.
>
> 12. ANR breached the Contract with Plaintiff by failing to perform these services and not transporting the natural gas produced by Plaintiff. Specifically, ANR issued an Operational Flow Order (OFO) imposing penalties on gas flowing from Ship Shoal Area Block 291, which is owned by Plaintiff, despite the fact that Plaintiff has obtained the consent of the Minerals Management Service (MMS) to utilize and operate Plaintiff's pipeline between Ship Shoal Area Block 291 and Ship Shoal Area Block 277.[20]

Monforte's petition alleges breach of contract, which is a state law cause of action. It does not allege any cause of action arising under a federal law. Monforte's petition thus does not present a federal question on its face.

## B. Exceptions to the Well-Pleaded Complaint Rule Inapplicable

ANR argues that "Plaintiff's petition establishes the only dispute is the implementation of the OFO, which requires interpretation of the Tariff, thus triggering federal question jurisdiction."[21] The court is not persuaded by this argument. It is true that ANR's OFO was issued pursuant to its FERC tariff, and such tariffs take on the force of federal law. See Carter v. Am.

---

[20]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶¶ 11-12.

[21]ANR's Opposition, Docket Entry No. 13, p. 6.

Tel. & Tel. Co., 365 F.2d 486, 496 (5th Cir. 1966) ("[A] tariff, required by law to be filed, is not a mere contract. It is the law."). Since resolving the breach of contract claim will likely require an analysis of the validity and enforceability of the OFO under the FERC tariff, a court addressing this dispute will have to consider federal law. This does not mean, however, that Monforte's claim arises under federal law. Monforte alleges that ANR's issuance of the OFO breached the Interconnect Agreement under Texas law; Monforte makes no allegation that the OFO was in violation or the FERC tariff. ANR's defense, on the other hand, does arise under federal law, as ANR will likely argue that its issuance of the OFO was permitted, and perhaps even required, by its FERC tariff. It is settled law, however, that a defense alone will not give rise to federal question jurisdiction. Caterpillar, 107 S.Ct. at 2429. Furthermore, ANR has not shown that OFO's issued pursuant to FERC tariffs come within the small category of federal statutes that completely preempt state law claims. See Beneficial, 123 S.Ct. at 2062. Since Monforte's petition only seeks relief for a breach of the Interconnect Agreement under state law, the court concludes that it does not on its face raise a federal question. Nor does the petition state "a federal issue, actually disputed and substantial," such that the state law claim would be removable to federal court. See Grable, 125 S.Ct. at 2368. While federal law

-11-

may well be relevant in resolving the state law claim in this action, a Texas state court is competent to apply federal law.

ANR argues that the Ninth Circuit's opinion in <u>California ex Rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831 (9th Cir. 2004), requires a different result. In <u>Dynegy</u> the state of California brought an action in state court under the state unfair business practices act against several power companies, alleging fraudulent failure to deliver reserve energy. The power companies removed the case, and the Ninth Circuit ruled that the removal was proper, noting, "The state lawsuit turns, entirely, upon the defendant's compliance with a federal regulation. . . Absent a violation of the FERC-filed tariff, no state law liability could survive." <u>Dynegy</u>, 375 F.3d at 841. In contrast with the present action, in <u>Dynegy</u> there was no privately agreed contract between the plaintiff and the defendants. California's claim was based on the allegation that the defendants had breached their tariff obligations by failing to maintain the required level of reserve generating capacity. In the present action, Monforte alleges that ANR breached the Interconnect Agreement, not its obligations under the FERC tariff. Because of the differences between the facts of <u>Dynegy</u> and this action, the court concludes that <u>Dynegy</u> does not point to the existence of federal question jurisdiction in this action.

ANR also argues that a federal question is raised because of Monforte's reference to the consent of the Minerals Management Service, the federal agency within the Department of the Interior that is tasked with leasing federal lands for oil and gas development. Monforte's petition alleges that ANR issued the OFO "despite the fact that Plaintiff has obtained the consent of the Minerals Management Service (MMS) to utilize and operate Plaintiff's pipeline."[22] ANR argues that because the petition implicitly raises the question of a conflict of federal laws between the authority of FERC and the Minerals Management Service, the petition supports federal question jurisdiction. Again, the court is not persuaded. The petition does not allege that Monforte's cause of action arises under the authority of the Minerals Management Service, or any other source of federal law. The petition only mentions the Minerals Management Service consent in the context of the breach of contract claim, and provides no further indication of why this fact is legally significant.[23] If the consent of the Minerals Management Service is relevant a state court is competent to analyze and apply relevant federal law where necessary. In the absence of any affirmative statement in Monforte's petition or any of its pleadings that the consent of the

---

[22]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶¶ 11-12.

[23]The fact is presumably significant to Monforte's breach of contract claim, although Monforte does not explain how.

Minerals Management Service in itself gives rise to Monforte's cause of action, the court concludes that the reference to the Minerals Management Service in the petition does not give rise to a federal question.

Finally, ANR argues that this action must raise a federal question because the Interconnect Agreement does not address the transportation of natural gas, nor does it apply to Block 291. ANR therefore argues that an OFO prohibiting transportation of gas from Block 291 could not possibly breach the Interconnect Agreement. This argument is a breach of contract defense, and it is not relevant to the question of whether federal question jurisdiction exists.

### C.  Conclusion

ANR has the burden to establish that removal of this action was proper. Manquno, 276 F.3d at 723. It has failed to meet that burden. Monforte's petition on its face presents a claim for breach of contract under state law, and makes no claims based on federal law. Therefore, under the well-pleaded complaint rule this action is not removable under federal question jurisdiction. Caterpillar, 107 S.Ct. at 2429. ANR has failed to establish that this action falls under any exception to the well-pleaded complaint rule. The court therefore concludes that removal was improper because the court does not have subject matter jurisdiction.

-14-

### IV.  Attorney's Fees and Costs

Monforte seeks an award of attorney's fees and costs. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005).

Although the court has concluded that ANR's removal lacked merit, ANR did not lack an objectively reasonable basis for seeking removal.  Federal issues involving FERC tariffs appear to be relevant to this action, and ANR has identified a Ninth Circuit case upholding removal of an action involving FERC tariffs, albeit under different circumstances.  Because ANR had an objectively reasonable basis for seeking removal, the court will deny Monforte's request for attorney's fees and costs.

### V.  Conclusion and Order

The court concludes that because Monforte's petition alleges no federal causes of action, removal of this action under federal question jurisdiction was improper.  Monforte's Motion to Remand (Docket Entry No. 10) is **GRANTED**, and this action is **REMANDED** to

the 157th District Court of Harris County, Texas.  The clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 7th day of January, 2010.

```
                              _____
                                        SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```